UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PLAINS MARKETING, L.P.,

        Plaintiff,                              Memorandum and Order
                                                        10-cv-2520

       - against -

GEORGE KUHN

        Defendant.
----------------------------------------------------------x
GLASSER, United States District Judge:

      Plaintiff Plains Marketing, L.P. ("plaintiff" or "Plains Marketing") brought this diversity action against defendant George Kuhn ("defendant" or "Kuhn"), an officer of SAFE *T* TRANSPORT, Inc. ("Safe T Transport"), claiming he is personally liable for the corporation's breach of various sales agreements. Plaintiff seeks damages in the amount of $435,451.30. Before the Court is defendant's motion to dismiss the complaint, pursuant to Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure. Defendant argues that: 1) plaintiff has pleaded insufficient facts to pierce the corporate veil of Safe T Transport and hold him personally liable and therefore the complaint fails to state a claim upon which relief may be granted; 2) venue in this jurisdiction is not proper; and 3) the court lacks personal jurisdiction over the defendant. For the following reasons the Defendant's motion is GRANTED.

## BACKGROUND

      The facts alleged in the complaint are assumed to be true for the purpose of this motion. See Nechis v. Oxford Health Plans Inc., 421 F. 3d 96, 100 (2d Cir. 2005). In

addition, for the reasons discussed more fully below, the Court will consider certain documents that are incorporated by reference or integral to the complaint.  See DiFolco v. MSNBC Cable LLC, 622 F. 3d 104, 111 (2d Cir. 2010).  Supplementary affidavits submitted by the parties that are not incorporated into the complaint will be considered for purposes of deciding the venue issue only.  See Fine Foods Int'l, L.P. v. N. Am. Fine Foods Inc., No. 99-CV-1062(ILG), 1999 WL 1288681, *1 (E.D.N.Y. Nov. 8, 1999) (citation omitted).

Plaintiff is a Texas limited partnership with its place of business in Houston, Texas.  Complaint, dated May 24, 2010 ("Compl.") ¶1.  Between September 7, 2007 and September 2, 2008, plaintiff entered into 16 separate written sales agreements (the "Sales Agreements") with Safe T Transport, which the plaintiff now alleges is a "fictitious corporate entity."  Compl. ¶¶ 4-7; Mot. to Dismiss, Ex. A; Affidavit in Opposition of Mike McBride ("McBride Aff."), Ex. B.  By these Sales Agreements, Plains Marketing agreed to make scheduled deliveries of 60,000 gallons of propane gas per month to Safe T Transport at an address in Indianapolis, Indiana.  Compl. ¶¶ 5, 9; Mot. to Dismiss, Ex. A; McBride Aff. Ex. B.  Under "SOLD TO" and "SHIP TO," the Sales Agreements listed Safe T Transport.  McBride Aff., Ex. B   The Sales Agreements also state "THIS CONSTITUTES A CONTRACT BETWEEN OUR RESPECTIVE COMPANIES."  Id.   The Sales Agreements were executed by George Kuhn, on behalf of Safe T Transport, and John DeJean, on behalf of Plains Marketing GP Inc., the General Partner of Plains Marketing.  Id.

Immediately beneath the parties' signatures are references to terms and conditions governing the Sales Agreements.  One of these agreements, dated September

7, 2007, was "Subject to Terms & Conditions attached" (the "General Terms & Conditions"). Mot. to Dismiss, Ex. A. The other fifteen agreements, all dated August 14, 2008, stated "This contract shall be governed by Plains Marketing Canada L.P. General Terms and Conditions for Non-Crude Products Sales and Purchases Dated June 1, 2008" (the "Canada Terms & Conditions"). McBride Aff., Ex. B.

Section 16.0 of The Canada Terms & Conditions includes the following:

> 16.0 GOVERNING LAW AND JURISDICTION
>
> 16.1 Canada or the United States: If custody transfer from Seller to Buyer under this Agreement takes place in Canada, Section 16.1.1 shall apply. If custody transfer from Seller to Buyer under this Agreement takes place in the United States, Section 16.1.2 shall apply. If no custody transfer occurs, Section 16.1.1 shall apply.
>
> 16.1.1 Laws of Alberta: This Agreement shall be governed by and construed in accordance with the laws of the Province of Alberta. . . . Each of the Parties hereto irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the courts located in Alberta, Canada for any action suits or proceedings arising out of or relating to this Agreement. . . .
>
> 16.1.2 Laws of New York: this agreement shall be governed by and construed in accordance with the laws of the State of New York . . . . Each of the Parties hereto irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the courts located in the United States Federal District Court for the Southern District of New York and the United States Federal District Court for the Eastern District of New York, or, if such courts decline to exercise or do not have jurisdiction, then New York State District Courts. . . .

McBride Aff., Ex. A. Plaintiff claims that, under these terms and conditions, Kuhn consented to venue in this jurisdiction. Compl. ¶ 2.

Plains Marketing purchased propane to fulfill its obligations under the Sales Agreements. Compl. ¶ 11. Defendant failed to take delivery pursuant to the terms of the Sales Agreements. Id. ¶ 12. After giving notice of default via certified mail, plaintiff sold the propane inventory at a loss. Id. ¶¶ 14-15. On May 24, 2010, plaintiff commenced this action, seeking compensation for that loss and other damages, pursuant to the terms of the Sales Agreements. Id. ¶¶ 15-19.

## DISCUSSION

I. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted

A. Legal Standard for the Sufficiency of a Complaint

On a motion to dismiss for failure to state a claim, a district court assesses the formal feasibility of the plaintiff's claim for relief by applying a "plausibility standard." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). As the Second Circuit has explained, following the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the Court is guided by two principles. Harris v. Mills, 572 F. 3d 66, 72 (2d Cir. 2009).

First "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, unsupported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). Second, "'only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

4

(quoting Iqbal, 129 S. Ct. at 1950). To be sufficient, a complaint not only must include a short, plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), but also "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 544 (internal citations omitted).

      a. Consideration of Extrinsic Documents on a Rule 12(b)(6) Motion to Dismiss

Both parties have submitted memoranda, affidavits, and exhibits in relation to this motion to dismiss. However, when evaluating the sufficiency of the complaint, a court must limit its analysis "to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." Nechis, 421 F. 3d at 100; Leonard F. v. Isr. Disc. Bank of N.Y., 199 F. 3d 99, 107 (2d Cir. 1999) (district court must "confine its consideration to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.").

To be incorporated by reference, "the complaint must make a clear, definite and substantial reference to the documents." DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). Where a document is not incorporated by reference, "the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." DiFolco, 622 F. 3d at 111 (quoting Mangiafico v. Blumenthal, 471 F. 3d 391, 398 (2d Cir. 2006) (citation omitted)); see also Chambers v. Time Warner, Inc., 282 F. 3d 147, 153 (2d Cir. 2002).

In this instance, the Court finds that although the Sales Agreements, the General Terms & Conditions, and the Canada Terms and Conditions are not attached to the complaint, they are incorporated by reference and integral to the complaint and may be considered by the Court in deciding this motion. See Nechis, 421 F. 3d at 100; Int'l Audiotext Network v. Am. Tel. & Tel. Co., 62 F. 3d 69, 72 (2d Cir. 1995) (contract between parties "integral" to complaint alleging breach and may be considered on a motion to dismiss). The Court, of course, is not constrained to accept the complaint's allegations regarding the legal construction of these documents. Int'l Audio Network, 62 F. 3d at 72.

There is no basis for considering extrinsic affidavits or other materials that are not referenced in or integral to the complaint. "[A] district court errs when it considers affidavits and exhibits submitted by defendants or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." Friedl v. City of New York, 210 F. 3d 79, 83-84 (2d Cir. 2000) (citations omitted); see also Johnson v. Levy, No. 10-Civ-3217 (ADS), 2011 WL 4375671, at *5 (E.D.N.Y. Sept. 19, 2011) (declining to consider affidavits submitted "for the purpose of refuting the facts alleged in the complaint"); Elmowitz v. Exec. Towers at Lido, LLC, 571 F. Supp. 2d 370, 375 n.4 (E.D.N.Y. 2008) (declining to consider exhibits submitted in conjunction with a motion to dismiss).

b. Piercing the Corporate Veil

In making this motion to dismiss, Kuhn argues that the proper defendant in this action is Safe T Transport and that plaintiff has failed to plead sufficient facts to hold

Kuhn personally liable for the Sales Agreements. Mot. to Dismiss 2. For the reasons set forth below, the Court finds Kuhn's arguments dispositive.

It is clear that the defendant executed the agreements as an officer or agent of Safe T Transport and that plaintiff's expectation was that it was forming a contract with a corporate entity, Safe T Transport, not with Kuhn personally. Under both "SOLD TO" and "SHIP TO," the Sales Agreements list Safe T Transport. Plaintiff's own customer number for the transactions was "SAFETTR." And the Sales Agreements state "THIS CONSTITUTES A CONTRACT BETWEEN OUR RESPECTIVE COMPANIES." Although George Kuhn signed the agreement, he did so on behalf of Safe T Transport, in the same manner that Plains Marketing agreed to the contract by the signature of John DeJean.

A corporation is an inanimate, artificial entity and can only act through its officers, employees, and other agents. See Commodity Futures Trading Comm. v. Weintraub, 471 U.S. 343, 349–48, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). As a result, the liability for contracts signed on behalf of a corporation is imputed to the corporation, not the agent. To hold an agent or officer personally responsible for the contracts of a corporation requires the court to set aside the corporate form or "pierce the corporate veil." See In re Adelphia Comms. Corp., 322 B.R. 509, 522-23 (Bankr.. S.D.N.Y. 2005) (discussing the requirements for piercing the corporate veil and holding an officer of a corporation personally liable).

Under New York's choice of law rules, the law of the state of the defendants' incorporation generally is applied to claims piercing the corporate veil. Apex Mar. Co. v. OHM Enters., No. 10 -Civ-8119 (SAS), 2011 WL 1226377, at *2, n.23 (S.D.N.Y. Mar. 30, 2011) (citing Soviet Pan Am Travel Effort v. Travel Comm., Inc., 756 F. Supp. 126, 131

(S.D.N.Y. 1991)).  However, in the absence of countervailing public policy, the parties may choose which state's law to apply. William Passalacqua Builders, Inc. v. Resnick Devs. S., Inc., 933 F. 2d 131, 137 (2d Cir. 1991); Walter E. Heller & Co. v. Video Innovations, Inc., 730 F. 2d 50, 52 (2d Cir. 1984).  In this case, defendant claims that Safe T Transport is duly incorporated in Nevada, while plaintiff claims the dispute should be construed in accordance with the parties' choice of New York law, as specified Section 16.1.2 of the Canada Terms & Conditions.

The deficiencies in the complaint are so serious as to render the distinctions between Nevada and New York law immaterial and the outcome the same under either state's laws.  To pierce Safe T Transport's corporate veil, plaintiff would need to set forth facts showing, first, that Kuhn abused the corporate form by exerting such domination over the corporation or utilizing it for such personal gain that the corporation was a mere alter-ego.  See Truck Ins. Exch. v. Swanson, 124 Nev. 629, 189 P. 3d 656 (2008); Morris v. N.Y. State Dep't of Taxation & Fin., 82 N.Y. 2d 135, 141, 623 N.E. 2d 1157, 603 N.Y.S.2d 807 (1993).  Supporting factual allegations could include, for example, co-mingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities. See MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC, 268 F. 3d 58, 63 (2d Cir. 2001) (summarizing New York state law); Polaris Indus. Corp. v. Kaplan, 103 Nev. 598, 747 P. 2d 884, 887 (1987).  Second, plaintiff would need to set forth facts showing that maintaining the corporate form would sanction a fraud, illegality, or injustice against the plaintiff.  Truck Ins. Exch, 124 Nev. at 635; Morris, 82 N.Y. 2d at 141.

Here, the complaint does not even attempt to address the elements necessary to pierce the corporate veil. In its memorandum opposing this motion, the plaintiff makes several arguments why Kuhn should be personally liable but, for the reasons previously set forth, the Court cannot consider factual allegations contained in legal memoranda. The complaint itself merely states, repeatedly, that Safe T Transport is a "fictitious" entity. This is precisely the type of "conclusory allegations or legal conclusions masquerading as factual conclusions" that cannot defeat a motion to dismiss. <u>Kirch v. Liberty Media Corp.</u>, 449 F. 3d 388, 398 (2d Cir. 2006) (quoting <u>Smith v. Local 819 I.B.T. Pension Plan</u>, 291 F. 3d 236, 240 (2d Cir. 2002)). The only factual allegation in the complaint is that Safe T Transport is not authorized to do business in Ohio or Indiana. This single factual allegation falls far short of those necessary to pierce the corporate veil. Accordingly, the complaint must be dismissed for failure to state a claim against Kuhn.

II.     Motion to Dismiss for Improper Venue

Because plaintiff has failed to demonstrate that Kuhn is personally liable for the Sales Agreements, he is not bound by the Sales Agreements' forum selection clause. Absent a choice of forum by the parties, there is no basis for venue in this jurisdiction. In this diversity action, venue is governed by 28 U.S.C. § 1391(a), which provides, in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

> situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Neither party alleges any connection to New York. The defendant resides in Ohio. He does no business in New York, caused no injury in New York, and was not served in New York. No events or omissions giving rise to the suit occurred in New York. There is no basis for personal jurisdiction in New York over the defendant. Furthermore, it is apparent that this action could have been brought in Ohio, where the defendant resides and where defendant concedes a substantial part of the events occurred. Reply Mem. in Opp. 6-7. Thus, venue is not proper in this jurisdiction and the defendant's motion to dismiss is granted for that reason as well.

III. Personal Jurisdiction

Having found that this action should be dismissed for failure to state a claim and improper venue, the Court finds it unnecessary to address the issue of personal jurisdiction.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted and the complaint dismissed without prejudice.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 17, 2011

                                            /s/
                                    I. Leo Glasser, U.S.D.J.